IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| CHRIS HODGES | § | |
| v. | § | CIVIL ACTION NO. 9:09cv28 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Chris Hodges, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his confinement. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hodges complains of the failure by the Texas Board of Pardons and Paroles to release him on parole when he became eligible in 2007. He says that he is not asserting a "constitutional right to parole," but that he believes that he can earn his parole when he is asked to perform certain duties and does so completely.

The Magistrate Judge ordered the Respondent to answer the petition, and the Respondent filed an answer contending that Hodges did not exhaust his state remedies, the statute of limitations has expired, and Hodges' claims lack merit. Hodges filed a response to the answer saying that he did not file in state court because there was a revocation hearing at the state level and the state court could not handle the issues because of "laws which were enacted." He said that he had to ask the Board for a "special review," which was denied, and that he filed his petition after he received the second answer from the Board, which was on October 20, 2008; thus, Hodges argued that he had until October 20, 2009, in which to seek habeas corpus relief.

1

The Magistrate Judge reviewed the pleadings and records and concluded that Hodges had failed to exhaust his administrative remedies and that the statute of limitations had expired. The Magistrate Judge also stated that Hodges' claims failed on the merits because Texas inmates have no liberty interest in parole and thus cannot challenge state parole review procedures on procedural or substantive due process grounds. The Magistrate Judge therefore recommended that Hodges' petition be dismissed with prejudice and that Hodges be denied a certificate of appealability *sua sponte*.

Hodges received a copy of the Magistrate Judge's Report on April 8, 2010, but filed no objections thereto; accordingly, he is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has concluded that the Report of the Magistrate Judge is correct. It is accordingly

ORDERED that the Report of the Magistrate Judge dated April 2, 2010 (docket no. 13) is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Chris Hodges is hereby DENIED a certificate of appealability *sua sponte*. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED** this the **25** day of **May, 2010.**

_____
Thad Heartfield
United States District Judge